**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**



---

TSUEI YIH HWA

        Appellant,

    v.

FRONTIER COMMUNICATIONS

CORPORATION, *et al.*

        Appellees

20-CV-6268-CM

---

## ORDER DENYING EMERGENCY MOTION FOR A STAY OF THE BANKRUPTCY PROCEEDINGS PENDING APPEAL

**OPINION AND ORDER**

Tsuei Yih Hwa (Hwa) appeals from an order of the United States Bankruptcy Court of

the Southern District of New York which denied a motion by Summer Ridge Group Ltd.

(Summer Ridge) to dismiss Frontier Communications Corporations (Frontier), chapter 11 case,

and denied Hwa's motions for the appointment of either a chapter 11 trustee pursuant to 11

U.S.C. § 1104(a)(1) or an examiner pursuant to 11 U.S.C. § 1104(c)(1). Hwa also appeals from

the Bankruptcy Court's decision to adjourn until September 22 his motion to appoint an

examiner motion pursuant to 11 U.S.C. § 1104(c)(2).

Hwa's motion for an emergency stay is DENIED.

1

I.      Introduction

Summer Ridge Group Ltd. (Summer Ridge), a Taiwanese-based entity, filed several

*pro se* motions asking the Bankruptcy Court to dismiss Frontier's chapter 11 case. *See* Bankr. Ct.

Doc. Nos. 265, 290, 525. Hwa, a resident of Singapore, filed a *pro se* motion asking the

Bankruptcy Court to appoint a trustee or examiner "to investigate Frontier" pursuant to 11

U.S.C. § 1104. While Hwa relied on Summer Ridge's arguments in support of his application for

appointment of a trustee or examiner, he did not join in Summer Ride's motion or make his own

motion to dismiss the chapter 11 proceeding. Bankr Court Doc. No. 428. Frontier opposed the

motions. Bankr. Court Doc. No. 570.

On June 29, 2020 the Bankruptcy Court held a teleconference hearing on "all related

pleadings and proceedings" of the motions brought by Summer Ridge and Hwa. Doc. No. 701 at

2. The Bankruptcy Court denied Summer Ridge's motion to dismiss the chapter 11 case because

"of the movant's failure to appeal through counsel." *Id.* Summer Ridge did not take an appeal

from this decision.

Hwa did not appear at the Bankruptcy Court's teleconference hearing. Nonetheless,

the Bankruptcy Court considered and denied Hwa's motion "for appointment of a chapter 11

trustee for the Debtors pursuant to 11 U.S.C. § 1104(a)(1) and (2)," on the ground that "the

movant [] failed to carry his burden of proof" and that it was not in the public interest or the

interest of any party to appoint a trustee *Id.* The Bankruptcy Court denied Hwa's motion "for the

appointment of an examiner pursuant to 11 U.S.C. § 1104(c)(1)" for the same reason. *Id.*

However, the Bankruptcy Court adjourned Hwa's motion for the appointment of an

examiner pursuant to 11 U.S.C. § 1104(c)(2), so that it could hold an additional hearing on the

2

scope of the examiner request. The Bankruptcy Court did not set a specific hearing date but ordered Hwa to get his motion on the calendar on an omnibus hearing date by filing a notice with the court's Deputy Clerk, pursuant to the Case Management Order. The Bankruptcy Court has scheduled an omnibus hearing for tomorrow, September 22, 2020, to hear numerous matters related to Frontier's bankruptcy case (including a motion for a stay pending this appeal, *see infra.*), but I cannot locate any notice of hearing that Hwa submitted in order to get his adjourned motion on tomorrow's calendar -- although the court does see many notices submitted by other parties.

On August 10, Hwa filed a notice of appeal with the Clerk of Court. The appeal purports to be from all of the above rulings. Court. Doc. No. 1. On August 28, he filed a motion for a stay pending appeal. Docket No. 6.

On September 11, 2020, Frontier submitted its response to Hwa's motion for a stay pending appeal. *See* Doc. No. 12. Frontier argues that Hwa has not made the showing needed to obtain a stay pending appeal, for numerous reasons. It points out that Hwa lacks standing to take an appeal from the motion to dismiss, because he was not a party to that motion. Insofar as he is appealing from rulings on his motions, it argues that he is neither likely to succeed on the merits not did he suffer any irreparable injury. Frontier also advised the court that Hwa had filed an emergency motion for a stay in the Bankruptcy Court, which motion is to be heard tomorrow, September 22, 2020.

Hwa's motion for a stay is denied for substantially the reasons set forth in Frontier's brief. In particular, Hwa has not demonstrated that he will suffer irreparable injury if this court denies him a stay, both because he has yet to obtain a ruling from the Bankruptcy Court on his application for a stay, as well as for the all of the reasons set forth in the Debtor's brief in

3

opposition to the stay. Hwa lacks standing to appeal from the denial of another party's motion, so

he has no likelihood of succeeding on the appeal from the motion to dismiss, which he did not

make. Hwa still has a live motion for the appointment of an examiner pending in the Bankruptcy

Court, so no appeal lies from that motion, and this court does not interfere with a Bankruptcy

Court's decision on when to hear motions. If Hwa did not follow the rules for getting himself a

hearing tomorrow, that is his problem. Finally, Hwa is neither likely to succeed on the merits of

his appeal from the denial of an order appointing a trustee, nor has he demonstrated irreparable

injury, again for the reasons set forth in Frontier's brief. And Hwa has most definitely not shown

that a stay would be in the public interest.

Therefore, the motion for an emergency stay is DENIED.

If Hwa takes an appeal from any rulings of the Bankruptcy Court that are related to

this appeal, the appeals shall be consolidated and briefed and heard on a single schedule. As most

of the issues are well-briefed by Frontier in its opposition to the stay motion, the schedule will be

a short one.

The motion at Docket # 6 is DENIED. The Clerk of Court is directed to remove it

from the court's list of open motions.

Dated: September 21, 2020

_____

Chief Judge

4

BY ECF TO ALL PARTIES